UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16cv61641

YAZAN SALEH,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC, and INPHYNET SOUTH
BROWARD, LLC,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff YAZAN SALEH ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC ("HRRG"), to wit, for HRRG's violations of Florida Statute § 559.551, the Florida Consumer Collection Practices Act, that of which Defendant INPHYNET SOUTH BROWARD, LLC ("ISB") is vicariously liable, and 15 U.S.C §1692, the Fair Debt Collection Practices Act. In support thereof, Plaintiff states the following:

**NATURE OF ACTION**

**I.  THE FAIR DEBT COLLECTION PRACTICES ACT**

1. The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See*, 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices

by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. In particular, § 1692g(a) mandates that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
> …
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (emphasis added). *See*, McMurray v. ProCollect, Inc., 687 F.3d 665 (5th Cir. 2012) ("Merely including the required [§ 1692g(a)] notice in letters to consumers is not sufficient. The notice must also be set forth in a form and within a context that does not distort or obfuscate its meaning. A debt collector may violate Section 1692g if other language in its communication with consumers 'overshadow[s]' or is 'inconsistent with' the statutorily-mandated notice.").

5. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The eight subsections of § 1692f set forth a non-exhaustive list of practices that fall within this ban. 15 U.S.C §1692f(1); *See, e.g.*, Townsend v. Quantum3 Group, LLC, 535 B.R. 415, 426 (M.D. Fla. 2015) ("[l]ooking to the plain language of 1692f(1), the court interprets the section to permit the collection of a fee in addition to the principal obligation if such fee is expressly authorized by the agreement creating the debt or is otherwise permitted by state law." (quoting West v. Costen, 558 F.Supp. 564, 582 (W.D.Va.1983))).

6. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, that of which include:

> (2) The false representation of--
> (A) the character, amount, or legal status of any debt; or

> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> …
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

## II.   THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

7.   The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); *See also* Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

8.   The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

> In collecting consumer debts, no person shall:
> …
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72. Yet, the FCCPA "is different than its federal counterpart because it is not limited to debt collectors," Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 812 n.

1 (Fla. 4th DCA 2002), and consequently, unlike the FDCPA, the creditor is not exempt from FCCPA liability, whether it be direct or vicarious.

9. As set forth in more detail below, HRRG has violated the aforementioned provisions of the FDCPA and FCCPA, that of which ISB is vicariously liable, and as a result, Plaintiff seeks damages and/or injunctive relief for the same.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

11. Venue in this District is proper because Plaintiff resides here, HRRG transacts business here, and the complained conduct of HRRG occurred here.

## PARTIES

12. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

13. HRRG and ISB are Florida corporations, with HRRG's principal place of business located in Sunrise, Florida and ISB's principal place of business located in Hollywood, Florida.

14. On information and belief, HRRG engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

15. At all times material, HRRG was acting as a debt collector in respect to the collection of Plaintiff's debts.

16. At all times material hereto, HRRG and ISB were corporations subject to the FCCPA. *See, e.g.*, Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

17. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

18. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See*, 15 U.S.C §1692a(5); Fla. Stat. § 559.55(6).

19. Plaintiff is a "consumer" within the meaning of the FDCPA. *See*, 15 U.S.C §1692a(3).

20. HRRG is a "debt collector" as defined by the FDCPA and FCCPA. *See*, 15 U.S.C §1692a(6); Fla. Stat. § 559.55(7).

21. On a date better known by HRRG, HRRG began attempting collect the Consumer Debts from Plaintiff.

22. On or about November 12, 2015, HRRG sent a collection letter to Plaintiff (the "First Collection Letter") in an attempt to collect the Consumer Debt. A copy of Collection Letter A is attached hereto as Exhibit "A."

23. On or about April 19, 2016, HRRG sent a collection letter to Plaintiff (the "Second Collection Letter") in an attempt to collect the Consumer Debt. A copy of Collection Letter B is attached hereto as Exhibit "B."

24. On or about June 01, 2016, HRRG sent a collection letter to Plaintiff (the "Third Collection Letter") in an attempt to collect the Consumer Debt. A copy of Collection Letter C is attached hereto as Exhibit "C."

25. The First, Second, and Third Collection Letter represents *all* written communication HRRG sought to have with Plaintiff.

26. Prior to the First Collection Letter, HRRG sent two other collection letters; However, such letters were neither direct at, nor addressed to, Plaintiff.

27. In the Third Collection Letter, HRRG states:

The health care provider(s) listed below, [HRRG] to collect the balance on this account. ***Our client's records show you as the person responsible for payment*** of the charges for PHYSICIAN SERVICES.
…
***You can avoid acceleration of collection activity*** by paying the balance at this time.

*See*, Third Collection Letter (emphasis added).

28. HRRG did not, at any time relevant hereto, provide and/or advise Plaintiff of the rights and/or information mandated by the FDCPA, specifically, 15 U.S.C. § 1692g(a)(3)-(5).

29. The underlying agreement which created the Consumer Debt does not provide for, nor is such susceptible to, "accelerated collection activity," as the total amount allegedly outstanding was demanded by HRRG in the collection letter upon which HRRG threated such "accelerated collection activity." *See*, Third Collection Letter.

## COUNT I.
## VIOLATION OF THE FDCPA

30. Plaintiff incorporates by reference paragraphs 10-29 of this Complaint as though fully stated herein.

31. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); *See also*. Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

32. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection

Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

33. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See*, Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

34. In light of the preceding, HRRG has violated the FDCPA, to wit:

(a) Section 1692g(a)(3)-(5) by failing to properly and/or truthfully convey Plaintiff's validation rights, whereby such rights are explicitly required to be given to the Plaintiff and HRRG failed to convey such.

(b) Section 1692f by utilizing unfair or unconscionable means in collecting or attempting to collect the Consumer Debt, to wit, HRRG threated "accelerated collection activity" if Plaintiff did not "pay[] the balance at this time," *See*, Third Collection Letter, whereby such threat has no legal merit and, in light of the least sophisticated consumer standard, an ultimatum designed to wrongfully coheres the consumer's payment.

(c) Section 1692e(2)(a) by falsely representing the Consumer Debt's character or legal status by wrongfully threating "accelerated collection activity" if the balance of the Consumer Debt was not paid because – *inter* alia – not

only did HRRG lack any type of acceleration authority, but such threat is entirely frivolous, in that, to prevent acceleration Plaintiff was required to pay the remaining balance of the Consumer Debt.

(d) Section 1692e(10) by utilizing false representations and/or deceptive means in connection with the collection of the Consumer Debt, to wit, threating accelerated collection activity, whereby HRRG had no such authority to utilize such, nor was the Consumer Debt an obligation which would be otherwise susceptible to such practice.

35. As a result of HRRG's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and court costs.

## COUNT II.
## VIOLATION OF THE FCCPA

36. Plaintiff incorporates by reference paragraphs 10-29 of this Complaint as though fully stated herein.

37. In Bent v. Smith, Dean & Associates, Inc., the Middle District of Florida found a creditor's liability for a debt collector's violations of the FCCPA a question of agency, stating that:

> Under Florida law, a principal may be held liable for the acts of its agent that are within the course and scope of the agency. Roessler v. Novak, 858 So.2d 1158, 1161 (Fla. 2nd DCA 2003). Although some agencies are based upon an express agreement, a principal may be liable to a third party for acts of its agent which are within the agent's apparent authority. Id. Vicarious liability for the actions of an independent contractor requires a showing of actual or apparent authority. See, Whetstone Candy Co., Inc. v. Kraft Foods, Inc., 351 F.3d 1067, 1077 (11th Cir.2003), … [whereby] [a]pparent authority is authority which a principal knowingly tolerates or permits, or which the principal by its actions or words holds the agent out as possessing. Roessler, 858 So.2d at 1161.

2011 WL 2746847, at *3 (M.D. Fla. July 14, 2011).

38.     With respect to the matter at hand, at minimum, HRRG acted with apparent authority in attempting to collect the Consumer Debt on ISB's behalf.

39.     HRRG sought to collect the Consumer Debt from Plaintiff because HRRG had contracted with ISB for the provision of such services.

40.     ISB purposely provided HRRG with the requisite information to collect the Consumer Debt from Plaintiff, including but not limited to, Plaintiffs address, the loan balance, and interest rate.

41.     The forgoing FCCPA violations are the result of HRRG's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between HRRG with ISB – and as a result – ISB is vicariously liable for such FCCPA violations.

42.     In light of the preceding, HRRG violated the FCCPA, to wit:

(a)     Fla. Stat. § 559.72(9) by attempting to collect a debt and/or assert a legal right HRRG knew to be illegitimate and/or otherwise unlawful, in that, HRRG continuously sought to collect the Consumer Debt from Plaintiff after failing to provide Plaintiff with the disclosures required by 15 U.S.C. 1692g(a)(3)-(5), whereby such disclosures are required for HRRG to maintain legal authority to collect the Consumer Debt;

(b)     Fla. Stat. § 559.72(9) by attempting to collect a debt and/or assert a legal right HRRG knew to be illegitimate and/or otherwise unlawful because HRRG threated to accelerate the Consumer Debt and/or utilize accelerated collection activity if Plaintiff did not pay the full amount of the Consumer Debt, whereby such threat, notwithstanding the fact that HRRG knowingly

lacked any legal and/or contractual authority for such, on its very face, is illegitimate because HRRG demanded Plaintiff to pay the *entire* Consumer Debt to avoid "acceleration."

43. As a result of HRRG's aforementioned FCCPA violation, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

## DEMAND FOR JURY TRIAL

44. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against HRRG, and where appropriate, against ISB, awarding Plaintiff the following relief:

(a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by HRRG in attempting to collect the Consumer Debt.

(b) Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violation committed by HRRG, of which ISB is vicariously liable, in attempting to collect the Consumer Debt from Plaintiff.

(c) An injunction prohibiting HRRG from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(e) Any other relief that this Court deems appropriate and just under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: July 11, 2016

                                        Respectfully Submitted,

                                        /s/ Thomas J. Patti
                                      **THOMAS J. PATTI, ESQ.**
                                        Florida Bar No.: 118377
                                        E-mail:    tpatti@thomasjohnlaw.com
                                        Thomas-John Law, P.A.
                                        110 SE 6th Street, Suite 1700
                                        Fort Lauderdale, Florida 33301
                                        Phone:     954-543-1325
                                        Fax:         954-507-9975

                                                    AND

                                        /s/ Jibrael S. Hindi
                                        **JIBRAEL S. HINDI, ESQ.**
                                        Florida Bar No.: 118259
                                        E-mail:    jibrael@jibraellaw.com
                                        The Law Offices of Jibrael S. Hindi
                                        110 SE 6th Street, Suite 1744
                                        Fort Lauderdale, Florida 33301
                                        Phone:     954-907-1136
                                        Fax:         855-529-9540

                                        *COUNSEL FOR PLAINTIFF*